963 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Delores Y. RANDOLPH, Plaintiff-Appellant,
v.
CITY of Petersburg, Defendant-Appellee.
 No. 91-1668.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 12, 1991
Decided: May 26, 1992
 
 Robert P. Geary, Richmond, Virginia, for Appellant.
 Archer L. Yeatts, Fred R. Kozak, MALONEY, YEATTS & BARR, P.C., Richmond, Virginia, for Appellee.
 Before RUSSELL, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Delores Randolph, an officer with the Petersburg, Virginia, Bureau of Police, appeals from the district court's grant of summary judgment to the Defendant City of Petersburg in this employment discrimination claim under Title VII, 42 U.S.C. § 2000e (1988). Randolph's complaint alleged that the city's failure to promote her from 1981 through 1990 constituted illegal sex discrimination. After reviewing the parties' briefs and the record, we affirm.
 
 I.
 
 2
 Randolph has held the position of officer with the Petersburg Bureau of Police from 1977 to the present. From 1982 through 1990, she unsuccessfully sought promotion to the position of sergeant on several occasions. Following the most recent denial of promotion in 1990, Randolph filed a timely administrative complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC found no violation and issued a right to sue letter; this Title VII complaint followed.
 
 
 3
 The city denied that its decision not to promote Randolph was discriminatory, and submitted evidence illustrating that from 1986 to the present a residency requirement has been in place pursuant to city ordinance whereby only city residents may be promoted, unless no qualified residents are available. In 1990, only two of seven qualified candidates for promotion to the position of sergeant were residents,[1] hence only those two candidates were submitted to the Bureau's Chief of Police for final selection by the city's personnel director. From 1983 to 1986, the Defendant operated under a similar residency requirement applicable only to new hires.
 
 
 4
 Randolph is indisputably not a city resident, nor was she a resident at any time pertinent to this complaint. The district court thus found that she was not qualified for a promotion in 1990[2] and that she had failed to establish a prima facie case of sex discrimination.
 
 II.
 
 5
 We review the district court's grant of summary judgment de novo, Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1127-28 (4th Cir. 1987), viewing the facts in the light most favorable to the nonmoving party. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (in banc), cert. denied, 59 U.S.L.W. 3564 (U.S. 1991); Fed. R. Civ. P. 56(c).
 
 
 6
 Here, the undisputed facts show that a residency requirement was in place pursuant to city ordinance during the 1990 promotional process, that Randolph was not and is not a city resident, and that promotions were only given to city residents in 1990. To establish a prima facie case of intentional discrimination, Randolph must show that:
 
 
 7
 (1)She is a member of a protected group;
 
 
 8
 (2)She applied for the position in question;
 
 
 9
 (3)She was qualified for the position; and
 
 
 10
 (4)She was rejected under circumstances giving rise to an inference of discrimination.
 
 
 11
 Alvarado v. Board of Trustees of Montgomery Community College, 928 F.2d 118, 121 (4th Cir. 1991); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Randolph, not being a resident of Petersburg, was not qualified for a promotion in 1990 and thus failed to meet the third step of the Alvarado test. Accordingly, the district court correctly determined that Randolph failed to establish a prima facie case of discrimination with regard to the most recent denial of a promotion.
 
 
 12
 Although the district court did not address the earlier denials of promotion, all of which occurred prior to enactment of the ordinance which rendered Randolph unqualified by her nonresidency for a promotion in 1990, Randolph failed to file an administrative complaint within 180 days of those earlier denials as required by 42 U.S.C. § 2000e-5(e). She is thus time barred from filing a Title VII claim based on those denials. E.g., Bledsoe v. Pilot Life Ins. Co., 602 F.2d 652 (4th Cir. 1979).
 
 
 13
 Because no material facts are in dispute, we affirm the district court's grant of summary judgment to the city. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Randolph was among the list of seven candidates considered qualified by experience for the 1990 promotion
 
 
 [2]
 The 1990 promotional process was the only disputed promotional process subject to the residency requirement created by the 1986 ordinance